## HEWLETT *a.* BROWN.

*New York Superior Court; Special Term, July,* 1858.

EXAMINATION OF PARTY.—WITNESS-FEES.—NOTICE OF MOTION.

Where a party to an action is made a witness by his adversary, he is as much entitled to witness-fees, as a condition to creating his duty to attend and be sworn, as any third person.

A six days' notice to a party to appear and be examined, and notifying him that if he fail to do so, he will be liable as for contempt, and to have his answer stricken out, is not sufficient to found an order upon, on his default to appear, striking out his answer, or punishing him for contempt.

Motion to vacate an order striking out an answer.

On the 9th of June the plaintiff caused a notice to be served on the defendant, requiring him to appear on the 15th, at 10 o'clock A. M., before J. S. Bosworth, a justice of this court, &c., and "be examined as a witness, pursuant to the provisions of the Code of Procedure for such purpose." The notice further stated, "and if you refuse or neglect to attend, you will be liable to be punished as for a contempt of court, and your answer stricken out; and we shall apply for such relief against you,

and for such further and other relief, as is provided for by said Code."

The defendant not attending on the 15th, another judge of the court, on an affidavit of that fact, and of service of the notice, made an order that " the answer of the defendant herein be stricken out."

The defendant now moved to vacate that order. This motion was founded on the papers before named, and on an affidavit that he was neither summoned nor subpœnaed to attend, and that his fees for attending as a witness were not tendered, and that he told the person serving the notice he should not attend unless his fees, as a witness, were paid.

BOSWORTH, J.—No witness is obliged to attend court, or before an officer out of court, to be examined, unless paid the usual fees allowed by law. (2 *Rev. Stats.*, 401, §§ 52, 54.)

Sections 390, 391, 392, and 394 of the Code enable either party to make the other a witness, and prescribe the means for procuring and compelling this attendance. I think a *party*, when made a *witness* by his adversary, is as much entitled to fees, as a condition to creating a duty to attend and be sworn, as any third person.

Under the notice served on the defendant he could not be punished for a contempt for not attending, unless first brought up on an attachment, or served with an order to show cause,—to the end that he might show, if he could, a sufficient excuse for not attending, such as sickness, or other inability.

The notice does not, in terms, state that a motion would be made on the 15th to strike out the answer, or punish for a contempt.

When notice of a motion is necessary, it must be served eight days before the time appointed for the hearing. (*Code*, § 402.) The notice in question was served but six days.

The fact which created the right to have the answer stricken out, if any such fact exists, did not exist when the notice was served, but only occurred on the 15th, the day the order was made. Since its alleged occurrence, the defendant has had no opportunity to be heard in respect to it, except upon this motion.

I think the order was irregular, because the defendant was not summoned to attend, and because his fees as a witness were

not paid. Whether the answer could have been stricken out, on a motion made for that purpose, on due notice, if witness's fees had been paid, although no summons was served, is a question not before me. The proceeding to punish for a contempt, or to strike out an answer, must be based on affidavits to be served with a notice of motion for an attachment, or to strike out the answer, according as the one relief or the other is sought.

The notice actually served did not advise the defendant that a motion would be made on the 15th to strike out his answer; and if it did, it was too short to enable the plaintiff to then make such a motion.

If I supposed the judge who made the order passed upon these questions, I should deem it my duty to deny the present motion, and leave the defendant to his remedy by an appeal.

But I think I may consider that the length of the service of the notice was overlooked, as a notice of trial and inquest often is; although in theory, and generally in practice, a party is required to produce it, and prove due service before an inquest will be permitted to be taken. The motion is granted, but without costs of it to either party. No point was made on this hearing, that the defendant's only remedy was an appeal from the order he now seeks to vacate.