Van Rensselaer agt. Tubbs.

rapid rate of speed. All agree that the bell was not rung until after the accident.

Upon this state of facts, it is obvious that the gross negligence of the defendant's agents was the sole cause of the injury. The omission of the customary signals was an assurance by the company to the plaintiff, that no engine was approaching within a quarter of a mile, on either side of the crossing. On this he was entitled to rely, and to the defendant he owed no duty of further inquiry. He was not bound to be on the lookout for danger, when assured by the company that the crossing was safe. The views expressed in the case of *Ernst* agt. *The Hudson River Railroad Company*, decided at the present term, are equally controlling in this case.

The judgment should be reversed, and a new trial ordered.

All the judges concurred, except DAVIES, Ch. J., who expressed no opinion.

Judgment accordingly.

---

## SUPREME COURT.

### STEPHEN VAN RENSSELAER agt. MARTIN TUBBS.

To compel the attendance and examination of a *party* under section 391 of the Code, a summons must be served upon the party to be examined; and the *notice* in writing prescribed by that section, must be served *upon the attorney of such party*, before the party can be brought into contempt. It is not necessary that such *notice* should be served upon the *party personally*.

*Albany General Term, December,* 1864.

*Before* PECKHAM, MILLER *and* INGALLS, *Justices*.

THIS is an appeal from an order of the special term, refusing to strike out the answer in the above action, for failure of the defendant to appear and be examined on behalf of the plaintiff, under section 391 of the Code. Notice in writing of such examination was served upon *the attorney of the defendant* five days previous to the day fixed for such

examination; and a summons was served upon the defendant three days previous thereto, requiring his attendance as aforesaid. The defendant did not appear, *because the five day's notice was not served upon him personally.* The plaintiff moved at special term to strike out the answer, which was denied, and the plaintiff appeals.

P. F. COOPER, *for plaintiff.*
ANSON BINGHAM, *for defendant.*

*By the Court,* INGALLS, J. The question presented upon this appeal, is whether the notice of examination prescribed by section 391 of the Code should have been served upon the defendant personally, instead of his attorney. Section 417 provides as follows: "Where a party shall have an attorney in the action, the service of the papers shall be upon the attorney, instead of the party."

Section 408 prescribes the manner such service shall be made. Section 418 is as follows: "The provisions of this chapter shall not apply to the service of a summons or other process, or any paper *to bring a party into contempt.*" The chapter referred to embraces sections 408, 417, 418. But for section 418, it would seem quite clear that the service of the notice upon the attorney was sufficient. If, therefore, the effect of such notice was to bring the defendant into contempt for failure to appear, it follows that the service upon the attorney was irregular and insufficient. I do not think section 391 should be so construed. It will be observed that the section provides for the service of such notice upon the party to be examined, *and any other adverse party,* and further provides: "But the party to be examined shall not be compelled to attend in any other county than that of his residence, or where he may be served with a summons for his attendance." Then follows section 392, which provides: "The party to be examined, as in the last section provided, may be compelled to attend *in the same manner* as a witness who is to be examined conditionally." The Revised Statutes (*vol.* 3, *page* 673, *5th ed.*) prescribes the mode of taking the

examination of a witness conditionally. Section 10 ( *p.* 675) requires the service of a summons upon the witness to be examined. Sections 58, 59, 60 ( *p.* 648) prescribes the manner obedience to such summons is to be enforced. The Code (§ 394) is as follows : " If a party refuse to attend and testify, as in the last four sections provided, he may be punished as for a contempt, and his complaint, answer or reply may be stricken out." Section 390 provides *that a party to an action* may be examined at the instance of the adverse party at the trial or conditionally, or upon commission, *and may be compelled in the same manner as any other witness.*

I therefore, conclude that to compel the attendance and examination of a party under section 391 of the Code, a summons must be served upon the party to be examined; and the notice in writing prescribed by that section, must be served *upon the attorney of such party* before the party can be brought into contempt. This view is strengthened by the further consideration, that notice of such examination is to be *served upon every adverse party.* Certainly not for the purpose of bringing into contempt any party, other than the one whose examination is sought. The object of the notice is obviously to apprise all the adverse parties that such examination is to occur, and to afford them an opportunity to prepare therefor. And the summons is the process which is designed to compel the attendance of the party to be examined. This construction renders the whole proceeding harmonious. The cases *Gaughe* agt. *Laroche* (14 *How.* 451) ; and *Bleecker* agt. *Carroll* (2 *Abb.* 82), favor this construction. I am aware that the decision in *Leeds* agt. *Brown* (5 *Abb.* 418), is in conflict with the view above taken, but that decision is not in harmony with *Bleecker* agt. *Carroll* above cited, although decided by the same learned justice. I therefore conclude that the order of the special term in this case was erroneous, and must be reversed with $10 costs. But as the practice under section 391 was not settled, I think the answer should not be stricken out absolutely, as the consequences may be too serious. An order should be entered reversing the order of the special term with $10 costs ;

and that the answer be stricken out, unless the defendant attend and submit to an examination before the same referee, and at the same place named in the original notice and summons, upon a notice of five days to be served upon the defendant's attorneys. ·