Robinson, J.
[After stating the facts.]—The defendant acted considerately after consultation with his counsel, in declining to appear, and relies on the entire invalidity of the proceeding, because no separate order of the judge was made shortening the time for his examination within five days, nor notice of any such order or examination given his attorney in either case.
I am of the opinion plaintiff’s proceedings were wholly irregular.
1st. In neglecting to obtain and serve on the attorney for defendant, any order shortning the time for defendant’s examination within five days, or giving a notice to him of the intended examination of his client.
After a party has appeared by attorney, notice of all ordinary proceedings in the action must be given the attorney (Code, §§ 414, 417), and his examination as a witness on the requirement of the adverse party, out of court and before trial, is pre-eminently one of which the attorney should be so advised (Greene v. Herder, 7 Robt., 455; Van Rensselaer v. Tubbs, 31 How. Pr., 193.)
2. Although the Code authorizes the punishment of a party for contempt, and to have his appearance and answer stricken out for his misconduct in failing to obey a summons and order duly issued and granted for his examination before trial, on the requirement of *442 the adverse party, the notice of such penalty constituted no essential part of the summons.
The facts authorizing the imposition of such punishment did not exist when the summons was served, and it was wholly irregular, and unauthorized by the statutes relating to contempts, to anticipate any such misconduct by notice, that if it occured, and the party did not attend at the time and place specified, the application for such punishment would then be made. (Hewlett v. Brown, 1 Bosw., 655).
The proceeding for the examination of the defendant as a witness, was simply one before a judge, and not before the court, and his non-attendance (if it had been inexcusable), did not warrant his immediate punishment by the judge as for a contempt, nor by the court, without previous service of copies of affidavits charging him with his misconduct, a reasonable time to enable him to make his defense (2 Rev. Stat., 535, § 3); upon regular notice, or upon order to show cause, returnable some time to be specified, or on a bailable attachment to bring him into court to answer (2 Rev. Stat., 535, § 5).
The motion must be granted, with ten dollars costs in each case.