MYRICK PLUMMER AND OTHERS, RESPONDENTS, *v.* E. P. BELDEN, APPELLANT.

*Examination of party before trial — Attorney — entitled to notice — Code, § 391.*

Where a party, required to attend before a judge or referee to be examined as a witness, in pursuance of section 391 of the Code, has appeared in the action by an attorney, notice of the examination should be served upon the attorney as well as upon the party.

APPEAL from an order of the Special Term, granting an attachment against the appellant for not appearing to be examined as a witness before a judge of the court, under section 391 of the Code.

*H. Brewster*, for the appellant.

*John H. Hull*, for the respondents.

DAVIS, P. J. :

The only point in this appeal is, whether the attorney of the party is entitled to notice of his examination as a witness in the cause, when summoned for the purpose under the provisions of section 391 of the Code. The provisions of the Code on the subject of such examination of a party are as follows :

"§ 391. The examination, instead of being had at the trial as provided in the last section, may be had at any time before the trial at the option of the party claiming it, before a judge of the court or a county judge, on a previous notice to the party to be examined, and any adverse party, of at least five days, unless for good cause shown the judge order otherwise. But the party to be examined shall not be compelled to attend in any other county than that of his residence, or where he may be served with a summons for his attendance.

"§ 392. The party to be examined, as in the last section provided, may be compelled to attend in the same manner as a witness who is to be examined conditionally; and the examination shall be taken and filed by the judge in like manner, and may be read by either party on the trial."

The proceedings to compel the attendance of a party for examination under these sections, are to be the same as in the case of a witness who is to be examined conditionally under the provisions of the Revised Statutes. (2 R. S., 392.) An order of the judge is therefore to be obtained upon affidavit and served with the summons for the appearance of the party at the time and place specified in the order. (§§ 3 and 10 of the statutes above cited; *Greene v. Herder,* 7 Robt., 455; S. C., 30 How., 210; *Central National Bank of N. Y.* v. *Arthur,* 2 Sweeney, 194; *Garighe* v. *Losche,* 6 Abb., 284, n.; *Hewlett* v. *Brown,* 7 id., 74; S. C., 1 Bosw., 655; *Draper* v. *Henningsen,* 1 id., 614; 2 Wait's Prac., 713.)

The provisions of the statute were, when the same were enacted, applicable only to the examination of *witnesses* and not of parties to actions, and after issue joined in an action no examination of a witness could be had under this section without notice to the attorney of the opposite party.

No express provision is contained in the sections of the Code above cited for notice of such examination to the attorney of the party to be examined, but as an order for such examination is necessarily one made in the suit, we think the better practice requires, that if the party to be examined has appeared in the action by attorney, a copy of such order should be served upon the attorney as well as upon the party. Section 417 of the Code

requires that where a party shall have an attorney in the action, the service of papers shall be made upon the attorney instead of the party.  But that provision does not apply to the service of the summons or other process for the commencement of an action, nor to any paper to bring a party into contempt.  (§ 418 of the Code.)  Nor does it excuse notice to the party personally, where, as in section 391, notice to such party is expressly required.

The cases are, to some extent, in conflict on the question whether notice should also be given to the attorney; but as the testimony taken is to have the same effect as though taken upon the trial of the issue, and may be used by either party upon such trial, we think the opportunity for the attorney of the party to appear and cross-examine the witness should be secured by requiring notice to be served upon him, and we see no reasons why the several sections of the Code above cited may not properly be so construed as to allow that course to be the established practice.

We think the order of the court below granting the attachment should, therefore, be reversed; but, as the question is one not heretofore clearly settled by the authorities, the reversal should be without costs to either party.

DANIELS and BRADY, JJ., concurred.

Order reversed without costs to either party.